UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE TOMAS ORCASITAS, JR., CDCR #J-36909,<br><br>                                    Plaintiff,<br><br>vs.<br><br>DOCTOR KO, M.D.; R. MADDEN,<br><br>                                    Defendants. | Case No. 21cv143-MMA-RBB<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT MADDEN FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b); and**<br><br>**DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANT KO PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

Joe Tomas Orcasitas, Jr. ("Plaintiff"), currently incarcerated at California State Prison Centinela ("Centinela") is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. Section 1983. *See* Doc. No. 1 ("Compl."). Plaintiff alleges that two prison officials, a doctor and the warden, violated his Eighth Amendment right to adequate

medical care. *See id.* at 3-4. Plaintiff did not prepay the $402 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

## I.   Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to Section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to Section 1915(a)(2) and Civil Local Rule 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account activity, as well as the attached prison certificate verifying his available balances. *See* Doc. No. 3 at 1, 3-4. These documents show that Plaintiff carried an average monthly balance of $248.56 and had average monthly deposits to his trust account of $171.38 for the six months preceding the filing of this action, but had an available balance of just $36.16 at the time of filing. *See id.* at 1.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2) and declines to impose the initial partial filing fee pursuant to Section 1915(b)(1) because his prison certificate indicates he may currently have "no means to pay it." *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Instead, the Court directs the Secretary of the CDCR, or her designee, to collect the entire $350 balance of the filing fees required by Section 1914 and to forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in Section 1915(b)(1).

## II. Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to Sections 1915(e)(2) and 1915A(b). Under these statutes,

the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Plaintiff's Factual Allegations

Plaintiff alleges that he suffered a knee injury "[n]early 730 days ago" while

4

playing handball at Centinela. *See* Compl. at 3. For several days after the injury, Plaintiff experienced pain and significant swelling. *See id.* Although the swelling eventually subsided, the pain and restricted movement did not, and Plaintiff sought medical attention as a result. *See id.*

Defendant Dr. Ko saw Plaintiff and ordered him to "stay off [his] leg, restrict [his] movements and . . . gave [him] Ibuprophen [sic] to control the pain [he] was having." *See id.* Plaintiff told Dr. Ko that he had a prior surgery on that knee in 1987, and that he was "experiencing the very type of pain and range of motion as when [he] injured [his] knee back then . . .." *See id.* Plaintiff asked if an MRI could be performed "to verify that [he] had no ligaments in [his] knee [that] had been retorn," but Dr. Ko refused, explaining that MRIs are "too expensive," and that "as long as [Plaintiff] is able to walk to eat, that was all the medical care that the California Department Of Corections [sic] was required to give [him] . . . ." *See id.*

Plaintiff filed a medical grievance and a claim with the State of California to no avail. *See id.* at 3-4. Plaintiff continues to experience "severe, deep, acheing [sic], knee pain," and alleges that this is the result of "torn, or partially torn ligaments in [his] right knee" that are undiagnosed because Defendant Ko refuses to perform a "proper medical exam . . .." *Id.* at 4. According to Plaintiff, the warden, Defendant Madden, is "partially responsible . . . because he is well aware" that Defendant Ko "is known to do as little as possible to treat the pain and ills of the population [in the prison]." *Id.*

Plaintiff seeks an injunction preventing Defendants "from denying proper medical care," $50,000 in compensatory damages, and $25,000 in punitive damages. *See id.* at 7.

C. <u>Analysis</u>

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

The Eighth Amendment requires that inmates have "ready access to adequate medical care," *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), and "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which prison physicians provide medical care.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1076 (9th Cir. 2016)).

"Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "Inadvertent failures to provide adequate medical care, mere negligence or medical malpractice, delays in providing care (without more), and differences of opinion over what medical treatment or course of care is proper, are all insufficient to constitute an Eighth Amendment violation." *Norvell v. Roberts*, No. 20-cv-0512 JLS (NLS), 2020 WL 4464454, at *4 (S.D. Cal. Aug. 4, 2020) (citing *Estelle*, 429 U.S. at 105-07; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Taking Plaintiff's allegations against Dr. Ko first, "[t]he Supreme Court has noted that '[a] medical decision to not order further diagnostic tests does not necessarily constitute cruel and unusual punishment." *Goolsby v. Ridge*, No. 09cv02654-RBB, 2012 WL 1068881, at *16 (S.D. Cal. Mar. 29, 2012) (quoting *Estelle*, 429 U.S. at 107). Additionally, it is not necessarily a violation of the Eighth Amendment for a prison doctor to take cost into account in determining the medically appropriate treatment for a

1  prisoner's injuries. *See Nava v. Velardi*, No. 15cv1156-AJB(BLM), 2018 WL 3773848,
2  at *13 (S.D. Cal. Aug. 9, 2018) ("To the extent Plaintiff is arguing that a prison doctor
3  cannot consider medical costs or other prison policies . . . , Plaintiff is wrong.")
4  (collecting cases)).   Plaintiff alleges, however, that he has undiagnosed "torn, or partially
5  torn ligaments in [his] right knee," and that the only reason those conditions have not
6  been diagnosed is Defendant Ko's concerns about the costs of ordering an MRI.  *See*
7  Compl. at 4.  Although this may ultimately amount to a non-actionable disagreement
8  between Plaintiff and Defendant Ko over what medical treatment is actually necessary,
9  some courts have found that refusing to provide an MRI or other diagnostic service based
10 solely on budget concerns and workload, rather than medical reasons may state a facially
11 valid Eighth Amendment claim.  *See, e.g.*, *Goolsby*, 2012 WL 1068881, at *17
12 (collecting cases); *Rowe v. Aranas*, No. 3:16-cv-00535-MMD-VPC, 2018 WL 4088019,
13 at *5 (D. Nev. Aug. 27, 2018) (explaining that "a personal observation suggesting that
14 Defendants acted *solely* out of personal animus or financial concerns" may be sufficient
15 to allege a claim of deliberate indifference) (citing *Peralta v. Dillard*, 744 F.3d 1076,
16 1082 (9th Cir. 2014) (en banc); *Roe v. Elyea*, 631 F.3d 843, 863 (7th Cir. 2011))
17 (emphasis in original).
18      Accordingly, the Court finds that Plaintiff's Complaint contains a plausible Eighth
19 Amendment claim against Defendant Ko sufficient to surpass the "low threshold" set for
20 sua sponte screening required by 28 U.S.C. Sections 1915(e)(2) and 1915A(b).  *See*
21 *Iqbal*, 556 U.S. at 678; *Wilhelm*, 680 F.3d at 1123.  Nevertheless, the Court cautions
22 Plaintiff that the sua sponte screening process is "cumulative of, not a substitute for, any
23 subsequent [motion to dismiss] that the defendant may choose to bring."  *See Teahan v.*
24 *Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).
25      Plaintiff's claim against Defendant Madden, however, must be dismissed.  In order
26 to hold supervisory individuals like Defendant Madden liable under Section 1983,
27 Plaintiff must allege that Defendants were "personal[ly] involve[d] in the constitutional
28 deprivation, or . . . a sufficient causal connection between the supervisor's wrongful

conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Although Plaintiff alleges that Defendant Madden is "aware of the situation here," namely that Defendant Ko "do[es] as little as possible to treat the pain and ills of the population [at Centinela]," Plaintiff does not allege that Madden is aware of the particulars of his (or any other inmate's) treatment, or any wrongful conduct on Madden's part. *See* Compl. at 4. As a result, Plaintiff's claim against Defendant Madden is dismissed for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B) and 1915A(b).

## III. Conclusion and Orders

For the foregoing reasons, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (Doc. No. 2).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** all claims against Defendant Madden pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and **DIRECTS** the Clerk to terminate Defendant Madden as a party to this action.

//
//
//

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendant Ko and forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his First Amended Complaint, and the summons so that he may serve the Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285 as completely and accurately as possible, include an address where the Defendant may be served, *see* CIVLR 4.1.c, and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant Ko as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendant Ko, once served, to respond to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. Sections 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond); and,

8. **ORDERS** Plaintiff, after service has been effectuated by the U.S. Marshal, to serve upon the Defendant, or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on the Defendant or Defendant's counsel, and the date of that service. *See*

1  CɪvLR 5.2.  Any document received by the Court which has not been properly filed with
2  the Clerk, or which fails to include a Certificate of Service upon the Defendant, may be
3  disregarded.

4  **IT IS SO ORDERED.**

5  DATE: May 5, 2021

6  HON. MICHAEL M. ANELLO
7  United States District Judge