# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE TOMAS ORCASITAS, JR., CDCR #J-36909,<br><br>  Plaintiff,<br><br>v.<br><br>DOCTOR KO, M.D.,<br><br>  Defendant. | Case No. 21-cv-143-MMA (RBB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 8] |

Plaintiff Joe Tomas Orcasitas, Jr. ("Plaintiff"), a California inmate proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Dr. Ko ("Defendant") violated his Eighth Amendment right to adequate medical care. *See* Doc. No. 1 ("Compl."). Defendant moves to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Doc. No. 8. Defendant's motion is accompanied by a certification indicating that Plaintiff was properly served at his current institutional address with copies of the moving papers. *See id.* at 3.[1]  Plaintiff has not filed a response in opposition to Defendant's motion, and the time for doing so

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

has expired. *See* CivLR 7.1.e.2. For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss.

## I. Background[2]

Plaintiff alleges that nearly 730 days prior to filing of this complaint, he suffered a right knee injury while exercising at California State Prison Centinela ("Centinela"). Compl. at 3. Plaintiff's knee was extremely swollen and causing him pain. *See id.* Several days later, the swelling had subsided, but Plaintiff was still experiencing significant pain. *See id.* Plaintiff sought medical attention to address the injury. *See id.* Plaintiff explained his pain to Defendant, a Centinela physician, and Defendant asked Plaintiff to perform several movements while Defendant observed. *See id.* After discussing the pain and observing Plaintiff's movements, Defendant directed Plaintiff to stay off his leg, restrict his movements, and take pain medicine (Ibuprofen) to help control any pain. *See id.* Plaintiff then explained to Defendant that he previously injured the same knee in 1987, surgery was performed on his knee that year, and he was experiencing the same pain and limited range of motion that he experienced at the time of his previous knee injury. *See id.* Consequently, Plaintiff asked Defendant to perform an MRI "to verify that no ligaments in [his] knee had been retorn." *Id.* According to Plaintiff, Defendant responded that "M.R.I.'s [sic] are too expensive," and the service would not be performed at that time. *Id.* Plaintiff immediately filed a medical grievance and later filed a government claim. *See id.* at 3–4. Plaintiff is still "suffering daily with severe, deep, acheing [sic], knee pain," and he is "walking around with torn, or partially torn ligaments in [his] right knee" that are undiagnosed because Defendant failed to perform a "proper medical exam." *Id.* at 4.

---

[2] This description of events is taken from the Complaint and the attached exhibits, and is not to be construed as findings of fact by the Court. However, because this case comes before the Court on a motion to dismiss, the Court must accept as true all material allegations in the complaint and must also construe the complaint, and all reasonable inferences drawn therefrom, in the light most favorable to Plaintiff. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

Based on these allegations, Plaintiff brings an Eighth Amendment inadequate medical care claim against Defendant. Defendant moves to dismiss Plaintiff's claim for failure to state a plausible claim upon which relief could be granted. Plaintiff has not filed a response in opposition to the motion.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

Where a plaintiff is appearing *pro se*, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *See Thompson*, 295 F.3d at 895; *Karim-Panahi v. L.A. Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, the court is not permitted to "supply

essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.*; *see also Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under section 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotation omitted).

### III. DISCUSSION

Plaintiff alleges that Defendant violated his Eighth Amendment right to adequate medical care by acting with deliberate indifference to Plaintiff's serious medical need, to wit, a knee injury. *See* Compl. at 4. Defendant filed a motion to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6). As noted above, Plaintiff has not filed an opposition to Defendant's motion to dismiss.[3]

Prisons must provide medical care for their prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Failure to do so can amount to an Eighth Amendment violation under 42 U.S.C. § 1983. *See id.* at 105. To succeed on an Eighth Amendment claim for deficient medical care, a plaintiff must show "deliberate indifference" to his or her "serious medical needs." *Id.* at 104. This includes "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a

---

[3] The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Civil Local Rule 7.1.f.3.c provides: "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." As such, the Court has the option of granting Defendant's motion to dismiss on the basis of Plaintiff's failure to respond. However, in light of Plaintiff's *pro se* status and the increasing obstacles *pro se* prisoners are facing due to the COVID-19 pandemic, the Court will not use its discretion to summarily grant defendant's motion to dismiss for a failure to respond and will instead address the sufficiency of the Complaint.

subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

A.  **Objective Standard**

First, to satisfy the objective standard, a plaintiff must prove the existence of a serious medical need. *See Estelle*, 429 U.S. at 104. A serious medical need exists whenever failure to provide treatment "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "Indications that a plaintiff has a serious medical need include 'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *McGuckin*, 974 F.2d at 1059–60).

Plaintiff twisted his knee, which caused him to suffer from severe pain, restricted movement, and swelling. *See* Compl. at 3. Plaintiff asserts he "could barely walk at the time." *Id*. Based upon these allegations, the Court finds that Plaintiff pleads specific facts sufficient to satisfy the objective requirement for a serious medical need under the Eighth Amendment.

B.  **Subjective Standard**

Second, to satisfy the subjective standard, "a prison official must have a 'sufficiently culpable state of mind,'" which is one of "deliberate indifference" to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "A prison official may be held liable under the Eighth Amendment for acting with 'deliberate indifference' to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at

825. Under this standard, "prison officials who actually kn[o]w of a substantial risk to inmate health or safety may be found free from liability if they respond[] reasonably to the risk, even if the harm ultimately [i]s not averted." *Id.* at 844. *Farmer* makes clear that deliberate indifference "is shown adequately when a prison official is aware of the facts from which an inference could be drawn about the outstanding risk, and the facts permit us to infer that the prison official *in fact drew that inference*, but then consciously avoided taking appropriate action." *Disability Rts. Mont., Inc. v. Batista*, 930 F.3d 1090, 1101 (9th Cir. 2019) (emphasis added). Moreover, the standard requires more than mere misdiagnosis, medical malpractice, or even gross negligence. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). However, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle*, 429 U.S. at 104–05).

Liberally construing Plaintiff's complaint, as the Court must do given his *pro se* status, *see United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020), Plaintiff adequately pleads sufficient factual content to "allow the court to draw a reasonable inference" of deliberate indifference by Defendant. *See Iqbal*, 556 U.S. at 678.

According to Plaintiff, he performed many movements during the examination, and Defendant set a treatment plan for Plaintiff that included rest, restriction of movement, and pain killers. *See* Compl. at 3. Defendant's treatment plan thus was based upon his initial observation of Plaintiff's range of motion. Plaintiff *then* explained to Defendant that he had previously injured the same knee in 1987, and knee surgery was consequently performed on his knee. *See id.* Plaintiff further explained that the pain and swelling he was experiencing after the present injury was the same as what he experienced with his 1987 knee injury. *Id.* Based upon this new information, Plaintiff asked Defendant to perform an MRI to confirm whether he retore the ligaments in his knee, to which Defendant denied Plaintiff's request. *Id.* When Plaintiff provided additional details to Defendant about his right knee, he exposed Defendant to information

about Plaintiff's medical history that could change the risks to Plaintiff's health. Accordingly, the Court finds that Plaintiff sufficiently pleads that Defendant subjectively knew that he faced a substantial risk of serious harm.

Moreover, to establish that Defendant's actions amounted to deliberate indifference, Plaintiff must also allege that the course of treatment Defendant "chose was medically unacceptable under the circumstances" and that he "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). In other words, Plaintiff must allege "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett*, 439 F.3d at 1096). As noted above, Defendant's diagnosis and treatment were based upon his exam of Plaintiff's knee, which occurred prior to his learning about Plaintiff's past knee injury and surgical history. And importantly, Plaintiff pleads that Defendant's decision to not prescribe an MRI was purely financial. *See* Compl. at 3. Further, Plaintiff is still experiencing daily knee pain over two years after his visit with Defendant. Based upon this, the Court can reasonably infer that Defendant inadequately responded to Plaintiff's possible medical needs after he learned Plaintiff had significant previous trauma to the same knee. Consequently, Plaintiff sufficiently pleads that Defendant was deliberately indifferent to his serious medical needs when he failed to provide further care to reasonably respond to Plaintiff's updated health risks.[4]

Because the Court can draw the reasonable inference that Defendant was deliberately indifferent to Plaintiff's serious medical needs based upon the facts Plaintiff

---

[4] As alleged by Plaintiff, Defendant's denial of the MRI request was based upon the notion that the service was too expensive. *See* Compl. at 3. As the Court previously mentioned, some courts have found that refusing to provide an MRI or other diagnostic service based solely upon budgetary concerns, rather than medical reasons, may state a facially valid Eighth Amendment claim. *See* Doc. No. 5. Here, the Court is not denying Defendant's motion to dismiss based solely upon Plaintiff's allegations that medical care was denied for financial reasons. Rather, this is one of many facts alleged that contribute to Plaintiff's allegations that Defendant did not reasonably respond to Plaintiff's health risk.

pleads, the Court finds that Plaintiff meets the subjective standard for the purposes of a Rule 12(b)(6) motion. Accordingly, dismissal of Plaintiff's Eighth Amendment claim at this stage of the proceedings would be improper.[5]

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to dismiss. The Court **DIRECTS** Defendant to file a response within the time proscribed by Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS SO ORDERED**.

Dated: October 22, 2021

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Defendant's remaining argument does not attack the sufficiency of Plaintiff's pleadings for the purposes of a Rule 12(b)(6) motion. Instead, Defendant argues that he is entitled to qualified immunity. *See* Doc. No. 8-1 at 11. Defendant's request for qualified immunity is premature at this stage of the proceedings and will be better addressed at summary judgment. Therefore, the Court declines to address this issue at this time.