UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE TOMAS ORCASITAS, JR., CDCR #J-36909,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DOCTOR KO, M.D.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21cv143-MMA(RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER [ECF NO. 29]** |

## I.　　INTRODUCTION

　　Plaintiff Joe Tomas Orcasitas, Jr., a state prisoner proceeding pro se and in forma pauperis, alleges civil rights violations pursuant to 42 U.S.C. § 1983 against Defendant Doctor Ko, M.D.  On March 9, 2022, Plaintiff filed a document entitled, "Request of Plaintiff to [Amend] Complaint Prior to Discovery," in which he seeks a fourteen-day extension of time to file a motion for leave to amend his complaint [ECF No. 29].  The Court construes the request as a Motion to Modify Scheduling Order based on the substance of the filing.  Defendant Ko similarly construed Plaintiff's motion and filed an Opposition to Plaintiff's Motion for Extension of Time to File Amended Complaint on March 18, 2022 [ECF No. 30].  For the following reasons, Plaintiff's motion to modify the scheduling order is **GRANTED**.

1

## II. LEGAL STANDARDS

The scheduling order issued by the court is required to limit the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(3)(A). The schedule may be modified only for good cause and with the judge's consent. Id. R. 16(b)(4). The "'good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); see also Fed. R. Civ. P. 16 advisory committee notes to 1983 Amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). The focus of the inquiry is on the moving party's reasons for seeking modification. Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end" and the motion to modify should not be granted. Id.

## III. DISCUSSION

On January 12, 2022, the Court issued a Scheduling Order Regulating Discovery and Other Pre-trial Proceedings setting March 11, 2022, as the deadline to join other parties, amend the pleadings, or file additional pleadings. (Order 1, Jan. 12, 2022, ECF No. 26.) Plaintiff filed the current motion on March 9, 2022, seeking a fourteen-day extension until March 25, 2022, to file a motion for leave to amend his complaint. (Pl.'s Mot 1, ECF No. 29.) He explains that he received an MRI of his knee on February 28, 2022, and needs to confer with the attending physician at the prison "[i]n order to amend [his] complaint properly." (Id.) Defendant Ko argues that "Plaintiff requests additional time to move for leave to amend his complaint because of what he hopes to learn at an upcoming physician's appointment," and that at best, his motion is premature. (Def.'s Opp'n 2, ECF No. 30.) He contends further that the "sole focus" of Orcasitas's claim is Defendant's decision to not order an MRI in 2019 and that current MRI results "are not a reliable indicator of the condition of [Plaintiff's] knee in 2019." (Id. at 2-3.)

The "'good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Orcasitas filed his request

for an extension prior to the current deadline to file a motion for leave to amend the complaint, and based on the recency of his knee MRI, acted with sufficient diligence in doing so.  While the basis for Plaintiff's proposed amended complaint, as presented in his current motion, is not completely clear to the Court, Plaintiff has acted with sufficient diligence to warrant a granting of his request for an extension, and Defendant's arguments against Plaintiff's request for an extension are more properly considered in connection with a motion for leave to amend.  Accordingly, Plaintiff's motion for an extension to March 25, 2022, to file a motion for leave to amend his complaint is **GRANTED**.

Having granted Plaintiff's motion for an extension, the Court advises Plaintiff that if he decides to proceed with filing a motion for leave to file an amended complaint, he must abide by the Court's local rules governing amended pleadings.  Importantly, an amended complaint "must be complete in itself without reference to the superseded pleading," and "[a]ll amended pleadings must contain copies of all exhibits referred to in such amended pleadings."  S.D. Cal. Civ. L.R. 15.1(a).  Additionally, "Any motion to amend a pleading must be accompanied by . . . a copy of the proposed amended pleading."  Id. R. 15.1(b).

**IT IS SO ORDERED**.

Dated:  March 22, 2022

Hon. Ruben B. Brooks
United States Magistrate Judge