UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE TOMAS ORCASITAS, JR., CDCR #J-36909,<br><br>                         Plaintiff,<br>vs.<br><br>DOCTOR KO, M.D.,<br><br>                         Defendant. | Case No. 21-cv-143-MMA (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Doc. No. 63] |

On January 26, 2021, Plaintiff Joe Tomas Orcasitas, Jr., a California inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 ("Compl."). On December 7, 2022, the Court granted summary judgment in Defendant's favor. *See* Doc. No. 61. Plaintiff now moves for reconsideration of the Court's Summary Judgment Order pursuant to Federal Rule of Civil Procedure 59(e). *See* Doc. No. 63. For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

### Discussion

**A.**   **Legal Standard**

Where the Court's ruling has resulted in a final judgment or order, as here, a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment), or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil

Procedure. *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration is treated as a motion to alter or amend a judgment under Rule 59(e) if it is filed within 28 days of entry of judgment, as Plaintiff's motion has been; otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). In addition, S.D. Cal. Civil Local Rule 7.1(i) permits motions for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, . . . ." S.D. Cal. CivLR 7.1(i).

Rule 59(e) does not list specific grounds for a motion to amend or alter, therefore the district court enjoys considerable discretion in granting or denying the motion. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). Nevertheless, "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id.* (quoting *McDowell*, 197 F.3d at 1255 n.1). Under Rule 59(e), it is appropriate to alter or amend a previous ruling if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Further, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

**B.     Background**

Plaintiff filed his civil rights complaint on January 26, 2021. *See* Compl. By way of this action, he challenges the medical care he received at California State Prison Centinela. Namely, he asserts that he was not given an MRI to diagnose his knee injury

and thus was denied adequate medical care. As such, he brought an Eighth Amendment claim against Mr. R. Madden, the Warden of Centinela and Dr. Ko, his treating physician.

The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and dismissed Plaintiff's claim against Defendant Madden. *See* Doc. No. 5. Thereafter, Dr. Ko filed a motion to dismiss, *see* Doc. No. 8, which the Court denied, *see* Doc. No. 11. On November 4, 2021, Dr. Ko filed an Answer to the Complaint. *See* Doc. No. 12.

On March 9, 2022, Plaintiff filed a request to "Am[]end Complaint Prior to Discovery." *See* Doc. No. 29. According to that filing, Plaintiff received an MRI at California State Prison, Los Angeles County. *See id.* at 1. Plaintiff further explained: "In order to amend the [ ] complaint properly, Plaintiff must first attend/confer with the attending physician here at C.S.P./L.A.C. and review the M.R.I., and the damage that Plaintiff's right knee has, that Defendant Doctor Ko refused to even attempt to diagnose." *Id.* Accordingly, Plaintiff requested "that the Court extend it[]s March 11, 2022 deadline to amend for (14) days [until] March 25, 2022 in order for Plaintiff to see attending physician." *Id.*

Judge Berg granted the request and modified the Rule 16 Scheduling Order, *see* Doc. No. 26, by extending Plaintiff's amended pleadings deadline to March 25, 2022, *see* Doc. No. 31.

On March 25, 2022, Plaintiff filed an amended complaint. Doc. No. 32. However, this filing was rejected by way of a Discrepancy Order, which noted that pursuant to Federal Rule of Civil Procedure 15(a)(2), post-answer amendment of the complaint requires leave of the Court. *See* Doc. No. 33. Plaintiff never filed a motion for leave to amend, and the case proceeded on the Complaint.

On June 24, 2022, Dr. Ko filed a motion for summary judgment. *See* Doc. No. 41. The Court provided Plaintiff notice of the motion pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

*See* Doc. No. 43.  Plaintiff filed an opposition to Dr. Ko's motion, and Dr. Ko replied. *See* Doc. Nos. 49, 52.  On December 7, 2022, the Court granted Dr. Ko's motion and entered judgment in his favor.  *See* Doc. Nos. 61, 62.  Plaintiff now seeks reconsideration of the Court's Summary Judgment Order.

**C.     Analysis**

First, Plaintiff contends that he requested an attorney "before several vital pieces of information were and were not placed on paper and provided to the Court[] for it to consider."  Doc. No. 6 at 1.  To that end, Plaintiff contends that that he did not have access to the law library at some point and duration.  *See id.*  It appears that Plaintiff is challenging the Court's earlier rulings on his motion for appointment of counsel.

Plaintiff filed his first motion to appoint counsel shortly after Judge Berg issued a Rule 16 Scheduling Order.  *See* Doc. No. 27.  The Court denied his motion because: (1) Plaintiff had not demonstrated a likelihood of success on the merits; (2) the case is not complex; and (3) Plaintiff had demonstrated an ability to articulate the factual and legal bases of his claim with sufficient clarity.  *See* Doc. No. 28.  Plaintiff filed a second motion to appoint counsel on June 16, 2022, just shortly before Dr. Ko filed his motion for summary judgment.  *See* Doc. No. 38.  The Court denied his motion in its Summary Judgment Order.  *See* Doc. No. 61 at 22.

The Court reiterates that "there is no absolute right to counsel in civil proceedings."  *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citing *Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982)).  While the Court has discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel in "exceptional circumstances," such circumstances are only present where a litigant has demonstrated a likelihood of success on the merits and is unable to articular his claims due to the complexity of the legal issues involved.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  The legal issues present in this case are not complex: Plaintiff asserts one Eighth Amendment medical care claim against his treating physician.  Plaintiff also did not demonstrate a likelihood of success on the merits.  Most importantly, Plaintiff has

demonstrated numerous times that he is capable of articulating his claim and prosecuting this case *pro se*. To be sure, Plaintiff opposed Dr. Ko's motion for summary judgment by filing a well-argued memorandum of points and authorities with legal citations, *see* Doc. No. 49, accompanied by 120 pages of evidentiary support, *see* Doc. Nos. 49-1–49-6.

Regardless, Plaintiff's disagreement with the Court's decision to not appoint him counsel is not newly discovered evidence or an intervening change in law, nor does it render the Court's Summary Judgment Order manifestly unjust or clearly erroneous. Moreover, it is clear that any impediment to Plaintiff's access to the prison law library did not hinder or affect his ability to oppose Dr. Ko's summary judgment motion. *See* Doc. No. 49 at 2 (listing a table of authorities in support of his opposition).

Next, Plaintiff takes issue with the Court's rejection of his amended complaint. Doc. No. 63 at 2. Contrary to Plaintiff's position, the filing was not rejected "without explanation." *Id.* The pleading was rejected because pursuant to "Fed. R. Civ. P. 15(a)(2) - Post-Answer amendment of the complaint requires leave of court." Doc. No. 33. Rule 15(a)(2) provides that a plaintiff must obtain leave of the Court, or the opposing party's written consent, to amend his complaint after the defendant has filed an answer. Fed. R. Civ. P. 15(a)(2). The Court's Rule 16 Scheduling Order set a deadline to file a "*motion* . . . to amend the pleadings," Doc. No. 26 at 1 (emphasis added), not a deadline to file an amended complaint. Further, in granting Plaintiff's request for an extension of time, the Court explicitly noted that "Plaintiff's motion for an extension to March 25, 2022, *to file a motion for leave to amend* his complaint is GRANTED." Doc. No. 31 at 3 (emphasis added). Additionally, as noted above, the Court's Discrepancy Order informed Plaintiff that he must seek leave of the Court to file an amended complaint. Plaintiff never filed a motion for leave to amend.

The Court's Summary Judgment Order is not clearly erroneous or manifestly unjust because the Court rejected Plaintiff's amended complaint. Plaintiff did not comply with the Federal Rules of Civil Procedure despite being informed three times that if he sought to amend his pleading, he must file a motion for leave to do so. Moreover, it is

clear the outcome would have been the same had the Court accepted the amended complaint. In terms of factual allegations and claims, the amended complaint only sought to add additional information regarding his care at LAC. This information was duly supplied by Plaintiff as evidence in opposition to Dr. Ko's motion for summary judgment and considered by the Court. Thus, there is nothing new about these allegations. Further, the amended complaint contained case law and legal argument that Plaintiff advanced in opposition to Dr. Ko's summary judgment motion. This is also not a basis to reconsider the Court's Summary Judgment Order.

Plaintiff also makes passing reference to an earlier incarceration in the State of Utah and "mental and emotional issues" he suffered as a both a juvenile and adult. *See* Doc. No. 63 at 2. It is unclear how this information bears on the Court's Summary Judgment Order. Plaintiff did not discover this information since the Court entered summary judgment. Further, the Court reiterates that any alleged mental or emotional issues have not prevented Plaintiff "from filing documents to date as he has made several filings that are clear, cogent and serve their purpose." *Medina v. Morris*, No. 09cv169-JAH (CAB), 2010 U.S. Dist. LEXIS 148151, at *4 (S.D. Cal. Sep. 22, 2010).

Finally, Plaintiff argues that he was denied judgment because his argument was framed incorrectly; that he was denied judgment because he "wrote up [his] Original complaint wrong." *See* Doc. No. 63 at 2. In the Summary Judgment Order, the Court noted the scope of the Complaint at the outset and addressed the allegations Plaintiff raised for the first time in opposition: that he told Defendant he was in pain after the initial appointment, and that Dr. Ko failed to provide follow-up care in retaliation for him filing a grievance. These allegations are not in the Complaint, or the amended complaint for that matter, nor are they contained in Plaintiff's grievance. Thus, they are outside the scope of this case and unexhausted.

This is not a matter of inartful pleading by an unrepresented litigant. The Court liberally interpreted Plaintiff's pleading within the bounds set by the Ninth Circuit. The Court cannot supply a plaintiff claims on summary judgment that he neither pleaded nor

factually set forth in his complaint. *See Ivey*, 673 F.2d at 268 (stating that a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pleaded). Further, the Court cannot rely on allegations raised in opposition to defeat summary judgment where a defendant was not given proper notice of those allegations. *See also Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006) (holding that a plaintiff may not raise new allegations in opposition to a motion for summary judgment where the complaint does not give a defendant proper notice of those allegations). Plaintiff again argues that he suffered in pain for over two years "because defendant was mad [Plaintiff] wrote him up." Doc. No. 63 at 2. However, in order to pursue these allegations in federal court, Plaintiff must first follow the proper procedure and exhaust his administrative remedies, and then he must duly assert these alleged facts in his pleading. As he has done neither in this case, the Court's Summary Judgment Order was not clearly erroneous.

In sum, Plaintiff has not presented any newly discovered evidence that warrants reconsideration. Further, Plaintiff does not supply, nor does the Court find, any intervening change in controlling law. The Court is satisfied that it did not commit any error. Dr. Ko is entitled to judgment as his decision to not order an MRI on February 22, 2019 does not amount to deliberate indifference as a matter of law. Accordingly, the Court **DENIES** Plaintiff's motion.

**IT IS SO ORDERED**.

Dated: January 26, 2023

HON. MICHAEL M. ANELLO
United States District Judge